William MacDOUGALL, et al

v.

**TOWN OF WARREN.**

No. 95–495–Appeal.

Supreme Court of Rhode Island.

March 27, 1997.

Robert J. Healey, Jr., Warren.

Anthony DeSisto, Providence.

**ORDER**

This case came before a hearing panel of this court March 18, 1997, for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The Town of Warren appeals from a Superior Court judgment which held that the plaintiffs are the duly elected and legally authorized body for the supervision and operation of the sewer and waste water system of the Town of Warren. The plaintiffs, William MacDougall, Nicholas Ferrara, and Brian Remy, had been elected as members of the

Sewer Commission pursuant to P.L. 1909, ch. 501 § 2–3 that established a Sewer Commission for the town. In 1994 the Town of Warren adopted a Home Rule Charter which purported to abolish the statutory Warren Sewer Commission and transferred the supervision of the sewer system to the Town Manager, a post which was established under the new Charter. The trial justice held that the Charter could not supersede a statute enacted by the General Assembly.

After the Superior Court judgment, the General Assembly ratified the Charter by enactment of P.L. 1995, ch. 392 § 1, in the following terms:

> "In all respects in which the Home Rule Charter of the town of Warren * * * may require ratification, confirmation, validation or enactment by the general assembly, but in no other respects, the provisions of said Home Rule Charter of the town of Warren are hereby ratified, conformed, validated and enacted."

We are of the opinion that this act of ratification may significantly affect the validity of the 1909 statute. However, the statute of ratification was not presented to the trial justice since it was enacted after his decision was rendered. We think it is inappropriate to review his ruling based upon a statute which may be well a controlling modification in the law, and which he did not have the opportunity to consider.

Consequently, we vacate the judgment of the Superior Court and remand this case to that court for reconsideration of its holding in the light of the act of ratification.

BOURCIER, J., did not participate.